Marc Salitore
TXBN 24029822
Salitore Law PLLC
1400 W. Southwest Loop 323
Suite 50, MB 1012
Tyler, Texas 75701
903-765-8030
marc@salitorelaw.com

Counsel for Defendant

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re: Jarrod Brent Jackson and Elizabeth Adrienne Jackson<br><br>Debtors | Case No. 25-41140<br>Chapter 7 |
| Richard P. Colquitt and Susan Colquitt<br><br>Plaintiffs<br><br>v.<br><br>Jarrod Brent Jackson<br><br>Defendant | Adversary Proceeding No. 25-04048 |

**DEFENDANT'S AMENDED ANSWER TO AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBT UNDER SECTION 523 OF THE BANKRUPTCY CODE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

Jarrod Brent Jackson ("Defendant") files this Amended Answer ("Answer") to the Amended Complaint Objecting to Discharge of Debt Under Section 523 of the Bankruptcy Code ("Complaint") filed by Richard P. and Susan G. Colquitt ("Plaintiffs"), and respectfully state:

**ANSWER**

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.
2. Defendant admits the allegations contained in paragraph 2 of the Complaint.
3. Defendant admits the allegations contained in paragraph 3 of the Complaint.
4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint. Defendant denies that any claim amount scheduled by Defendant in his bankruptcy schedules E/F constitutes any form of admission or calculation of any damages Plaintiffs may assert against Defendant.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint. Defendant denies that any claim amount scheduled by Defendant in his bankruptcy schedules E/F constitutes any form of admission or calculation of any damages Plaintiffs may assert against Defendant.

10. Defendant, in response to paragraph 10, admits the filed schedule E/F lists the Plaintiffs as owed a business debt of $427,381.29. Defendant denies that any claim amount scheduled by Defendant in his bankruptcy schedules E/F constitutes any form of admission or calculation of any damages Plaintiffs may assert against Defendant. Defendant denies the remainder of paragraph 10 or does not have sufficient knowledge or information to respond. To the extent paragraph 10 asserts a legal conclusion, Defendant denies.

11. Defendant Brent Jackson no longer remains as chief executive officer of HiFab Holdings, LLC (“HiFab”). Defendant admits the remaining allegations in paragraph 11. To the extent paragraph 11 asserts a legal conclusion, Defendant denies.

12. Defendant admits the allegations in paragraph 12, except Defendant denies or is without sufficient information to admit Plaintiff’s were “chronologically the next to last of about thirty-five customers to enter into a Home Order Form Agreement . . ..” Defendant admits Plaintiffs contracted with HiFab in the late stages of HiFab’s business operations.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint. To the extent paragraph 13 asserts a legal conclusion, Defendant denies.

14. Defendant admits HiFab failed to perform its obligations under the Home Order Form Agreement. Defendant denies the remainder of paragraph 14 or does not have sufficient knowledge or information to respond. To the extent paragraph 14 asserts a legal conclusion, Defendant denies.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint. To the extent paragraph 15 asserts a legal conclusion, Defendant denies.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint or does not have sufficient knowledge or information to respond. To the extent paragraph 16 asserts a legal conclusion, Defendant denies.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint or does not have sufficient knowledge or information to respond. To the extent paragraph 17 asserts a legal conclusion, Defendant denies.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint or does not have sufficient knowledge or information to respond. To the extent paragraph 18 asserts a legal conclusion, Defendant denies.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint or does not have sufficient knowledge or information to respond. To the extent paragraph 19 asserts a legal conclusion, Defendant denies.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint or does not have sufficient knowledge or information to respond. To the extent paragraph 20 asserts a legal conclusion, Defendant denies.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint or does not have sufficient knowledge or information to respond. To the extent paragraph 21 asserts a legal conclusion, Defendant denies.

22. No response is required to paragraph 22 of the Complaint containing a reference and incorporation of previous allegations in the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 23 asserts a legal conclusion, Defendant denies.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 24 asserts a legal conclusion, Defendant denies.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 25 asserts a legal conclusion, Defendant denies.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 26 asserts a legal conclusion, Defendant denies.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 27 asserts a legal conclusion, Defendant denies.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 28 asserts a legal conclusion, Defendant denies.

29. No response is required to paragraph 29 of the Complaint containing a reference and incorporation of previous allegations in the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 30 asserts a legal conclusion, Defendant denies.

[29] Defendant denies the allegations contained in the final numbered paragraph of the Complaint, paragraph 29 [misnumbered] of the Complaint, or does not have sufficient knowledge or information to respond. To the extent paragraph 29 asserts a legal conclusion, Defendant denies.

**DEFENSES**

31. The Defendant asserts affirmative defenses against the relief sought in the Complaint, as applicable, including but not limited to, the following:

a. Accord and satisfaction;
b. Assumption of risk;
c. Contributory negligence;
d. Estoppel;
e. Failure of consideration;
f. Fraud;
g. License;
h. Payment;
i. Release;
j. Res judicata;
k. Waiver;
l. And any other matter constituting an avoidance or affirmative defense.

32. Defendant asserts no intent to deceive Plaintiffs with respect to any of the events or transactions or representations subject to or described in the Complaint or this Adversary Proceeding, before or after the Plaintiffs entered the Home Order Form Agreement.

33. Defendant asserts with respect to the events or transactions or representations subject to or described in the Complaint or this Adversary Proceeding that Defendant did not make any knowing misrepresentation, whether affirmatively or through omission, to Plaintiffs, before or after the Plaintiffs entered the Home Order Form Agreement.

34. Defendant asserts Plaintiffs failed to mitigate some or all of the damages alleged in the Complaint or this Adversary Proceeding.

35. Defendant asserts damages allegedly sustained by Plaintiffs in this Adversary Proceeding were caused or proximately caused by third parties and not by actions, conduct, or representations by Defendant.

36. Defendant asserts Plaintiffs did not justifiably rely on any alleged statements or representations of Defendant with respect to any of the events or transactions or representations subject to or described in the Complaint or this Adversary Proceeding.

37. Defendant asserts he did not willfully or maliciously cause or proximately cause injury to Plaintiffs though misrepresentation, affirmatively or through omission, or otherwise with respect to the events or transactions or representations subject to or described in the Complaint or this Adversary Proceeding.

38. Defendant reserves and assert all affirmative defenses available under federal or state law and reserve the right to assert any other defenses, counterclaims, crossclaims, and third-party claims when and if they become appropriate in this Adversary Proceeding.

39. Defendant reserves any right to amend or supplement this Answer.

WHEREFORE, Defendant respectfully requests this Court to deny Plaintiffs the relief sought in the Complaint and in this Adversary Proceeding, and to grant Defendant such other further relief as appropriate.

Dated: April 17, 2026

Respectfully Submitted,

By: */s/ Marc Salitore*
Marc Salitore
TXBN 24029822
Salitore Law PLLC
1400 W. Southwest Loop 323
Suite 50, MB 1012
Tyler, Texas 75251
903-765-8030
marc@salitorelaw.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic means to all parties who consent to receive electronic notice through the Court's electronic notification system as permitted by LBR 9013(h) and TXEB LR Appendix 5005 III. E., or by first class United States Mail, on April 17, 2026.

*/s/ Marc Salitore*
Marc Salitore

Richard and Susan Colquitt
10038 Bordley Drive
Houston, Texas 77042